UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:95-CR-136-3-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GLENN WILLIAMS, | ) | |
| Defendant. | ) | |

Glenn Williams's most recent post-conviction attack [DE-238] on his sentence seeks reconsideration of this court's May 17, 2011, order [DE-237] denying his motion, pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in sentence pursuant to the retroactive crack amendment [DE-231, -234]. The crack amendment motion was denied on grounds that Williams's sentence had been calculated upon the court's determination at sentencing by a preponderance of the evidence, that Williams was responsible for the distribution of "at least nine kilograms of crack cocaine." *See* Order [DE-203], at p. 4. The two-point reduction under the retroactive crack amendment is not available to any defendant found to have been responsible for more than 4.5 kilograms of crack cocaine.

The "at least 1.5 kilogram" quantity referred to in Williams's Presentence Report establishes the *statutory* threshold for exposure to a mandatory minimum ten-year sentence, with a maximum term of life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii) ("50 grams or more of a mixture or substance... which contains cocaine base") & 846 (1996). The appropriate sentence *within* that ten years to life range is established by application of the United States *Sentencing Guidelines*.[1] Guideline calculations begin for drug cases by determining the base offense level which, in turn, depends on drug quantity (determined by the sentencing judge by a

---

[1] Williams was convicted and sentenced long before the Guidelines effectively were rendered advisory by the decision in *Booker v. United States*, 543 U.S. 220 (2005).

preponderance of the evidence presented by the parties at sentencing) within the statutory range . Here, the court found by a preponderance of the evidence at sentencing that Williams was responsible for "at least nine kilograms" of crack cocaine.

As well-documented in the record, Williams is not entitled to reconsideration of the order denying him the benefit of the retroactive crack amendment. Accordingly, his motion [DE-238] is DENIED.

SO ORDERED.

This the 26th day of May, 2011.

James C. Fox
Senior United States District Judge